UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**VICKI BOYLE,**

    **Plaintiff,**

v.                                    Case No: 8:23-cv-2210-JSM-PRL

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

## REPORT AND RECOMMENDATION[1]

Plaintiff appeals the administrative decision denying her application for a period of disability and disability insurance benefits. Upon a review of the record, the memoranda, and the applicable law, I recommend that the Commissioner's decision be affirmed.

### I. BACKGROUND

For the sake of convenience, the administrative history, which is not in dispute, is copied from the Government's brief:

> Plaintiff applied for disability insurance benefits under Title II of the Social Security Act (Act), with an alleged disability onset date of May 2, 2019 (Tr. 120, 256). An ALJ held an administrative hearing and found in a February 9, 2023, decision that Plaintiff was not disabled under the Act from May 2, 2019, through September 30, 2020, Plaintiff's date last insured for disability insurance benefits (Tr. 37-52, 61-119). On July 31, 2023, the Appeals Council denied Plaintiff's request for review, which makes the ALJ's February 9, 2023, decision the Commissioner's final decision (Tr. 1-3). Plaintiff exhausted all

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. See Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

> administrative remedies and timely filed this action seeking judicial review. The Court has jurisdiction pursuant to 42 U.S.C. § 405(g).

(Doc. 18 at 2).

At the time of the ALJ"s decision, the claimant was 51 years old. (Tr. 52, 128). Plaintiff has a high school education and work experience as a credit department clerk, housekeeper, and teacher assistant. (Tr. 288). Based on a review of the record, the ALJ found that the claimant has the severe impairments of spine disorder and obesity. (Tr. 39).

The ALJ found Plaintiff had the residual functional capacity ("RFC") to perform sedentary work with the following limitations:

> except occasionally lifting and carrying 10 pounds, and less than 10 pounds frequently; sitting for 6 hours, standing for 2 hours, walking for 2 hours; and push/pull as much as can lift/carry. She can frequently operate foot controls on the left. The claimant can climb ramps and stairs occasionally, never climb ladders, ropes, or scaffolds, balance occasionally, stoop occasionally, kneel occasionally, crouch occasionally, but never crawl. Frequent bilateral overhead and all other reach. Frequent bilateral handling. Frequent exposure to extreme cold, extreme heat, humidity, and wetness, occasional exposure to vibration and occasional exposure to unprotected heights. She requires a sit/stand alternative or ability to alternate positions after a period 30 minutes (not that she needs to change positions every 30 minutes but that she is able to hold a position for at least a period of 30 minutes, and the position change may be from a minute up to another 30 minutes).

(Tr. 42).

Based on the RFC, and considering the testimony of a vocational expert, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, including the representative jobs of information clerk, food and beverage order clerk, and call out operator. (Tr. 51). Accordingly, the ALJ determined

Plaintiff was not disabled at any time from May 2, 2019, the alleged onset date, through September 30, 2020, the date last insured. (Tr. 51).

## II. STANDARD OF REVIEW

A claimant is entitled to disability benefits when he or she is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve months. 42 U.S.C. §§416(i)(1), 423(d)(1)(A); 20 C.F.R. §404.1505(a).

The Commissioner has established a five-step sequential analysis for evaluating a claim of disability, which is by now well-known and otherwise set forth in the ALJ's decision. *See* 20 CFR §§ 404.1520(a), 416.920(a); *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The claimant, of course, bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987).

The scope of this Court's review is limited to a determination of whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988) (citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)). Indeed, the Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. §405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (*citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). Where the

Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards*, 937 F.2d at 584 n.3; *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). This is clearly a deferential standard.

### III.   DISCUSSION

Plaintiff raises two issues on appeal: (1) whether the ALJ properly considered Plaintiff's limitations with her left hand; and (2) whether the ALJ properly considered Plaintiff's medication side effects.

#### A.   THE ALJ'S CONSIDERATION OF PLAINTIFF'S ABILITY TO FINGER

The Court first turns to Plaintiff's argument that the ALJ erred in considering whether Plaintiff had greater limitations with her left hand.

As a preliminary matter, Plaintiff's claim is subject to a new regulatory framework for evaluating medical opinions. For claims filed on or after March 27, 2017, the Social Security Administration has issued new revised regulations regarding the evaluation of medical evidence, including medical source opinions. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01 (Jan. 18, 2017) (final rules) ("We are revising our rules to ensure that they reflect modern healthcare delivery and are easier to understand and use. We expect that these changes will help us continue to ensure a high level of accuracy in our determinations and decisions."). In this case, Plaintiff filed her application in 2020, thus the new rules apply.

The new regulations impact agency policy in several important respects and contain several significant changes to prior medical evidence rules. *See* 81 Fed. Reg. at 62,560. To

begin, the revised regulations redefine how evidence is categorized. Under the revised regulations, there are five categories of evidence: (1) objective medical evidence; (2) medical opinions; (3) other medical evidence, (4) evidence from nonmedical sources; and (5) prior administrative medical findings. See 20 C.F.R. § 416.913(a)(2017).

Second, the definition of "medical opinion" has been considerably revised. For claims filed by adults on or after March 27, 2017, the regulations provide:

> A medical opinion is a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions in the following abilities: . . .
>
> Your ability to perform physical demands of work activities, such as sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions (including manipulative or postural functions, such as reaching, handling, stooping, or crouching);
>
> Your ability to perform mental demands of work activities, such as understanding; remembering; maintaining concentration, persistence, or pace; carrying out instructions; or responding appropriately to supervision, co- workers, or work pressures in a work setting;
>
> Your ability to perform other demands of work, such as seeing, hearing, or using other senses; and
>
> Your ability to adapt to environmental conditions, such as temperature extremes or fumes.

20 C.F.R. § 416.913(a)(2) (2017).

Third, for claims filed on or after March 27, 2017, the regulations change how the agency considers medical opinions and prior administrative medical findings. *See* 20 C.F.R. § 416.920c (2017). Notably, the regulations no longer use the term "treating source," but refer to "your medical source(s)." 20 C.F.R. § 416.920c (2017). The Commissioner intentionally chose not to retain the "treating source rule" that previously required deference to treating

source opinion evidence. *See* 82 Fed. Reg. at 5883. Rather, the agency "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical findings(s), including those from [the claimant's own] medical sources." 20 C.F.R. § 416.920c(a) (2017). The ALJ will, instead, consider all medical opinions through the following factors: (1) supportability; (2) consistency; (3) relationship with the claimant including length of the treatment relationship, frequency of examination, purpose of the treatment relationship, extent of the treatment relationship, and examining relationship; (4) specialization; and (5) other factors. *Id.* § 416.920c(c)(1)-(5).

Turning to Plaintiff's argument, she contends that the ALJ erred by improperly considering evidence regarding her left hand. Specifically, Plaintiff contends that the ALJ erred by rejecting the opinion of a medical advisor to the State Disability Determination Service who opined that Plaintiff would have limited ability to handle, feel, and reach with both upper extremities. (T. 125). Plaintiff also argues that the ALJ's decision did not address the statement in the medical records that her thumb does not bend. Plaintiff suggests that the ALJ should have found that claimant had greater limitations and argues that the ALJ did not properly evaluate Plaintiff's left-hand impairment.

A review of the ALJ's decision reveals that she did evaluate Plaintiff's impairments regarding her hands and manipulative limitations, and incorporated limitations for reaching and handling into the RFC. Indeed, the ALJ explicitly discussed Plaintiff's left-hand impairment as well as the State Disability medical consultant's opinion regarding "limited reaching handling and fingering." (Tr. 49). The ALJ expressly observed that she found that aspect of the opinion to be vague and further noted that "while there is evidence of bilateral upper extremity radiculopathy and decreased strength and sensation, there is no evidence in

the record to support a finding that she has any limitations to fingering, because there is no evidence of decreased sensation in her fingers and no explanation for such limitation." (Tr. 49). The ALJ also discussed Plaintiff's left hand earlier in the decision, noting that "she had no treatment on her left hand other than physical therapy in 2018 following her surgery." (Tr. 39-40). Notably, the ALJ also discounted Plaintiff's treating neurologist Dr. Kandell's opinion which contained a host of "extreme limitations," such as that Plaintiff could not work because she needs to lay down throughout the day, that she can rarely lift five pounds, and could only sit for 15 minutes at a time. (Tr. 47). The ALJ did not credit Dr. Kandell's opinion, which also included limitations regarding fine manipulation, because "his extreme limitations [were] not supported by his contemporaneous treatment notes." (Tr. 48). The ALJ observed that Dr. Kandell's opined limitations were not consistent with other examinations in the record, including Plaintiff's primary care visits and Dr. Kandell's own treatment notes. The ALJ found the opinion not persuasive. (Tr. 48).

Turning to the evidence specifically cited by Plaintiff, the treatment note relied upon by Plaintiff simply lists "left Thumb (does not bend)" as one of numerous items on a list titled "problem/diagnosis" ancillary to medical treatment for Plaintiff's back pain. (Tr. 671). As Defendant observes, the treatment note does not show any further abnormal findings and, indeed, Plaintiff's left hand was not a primary complaint in the subject record, nor does the record reflect any additional treatment regarding Plaintiff's left hand. (Tr. 671). Defendant notes the lack of record evidence establishing limitations regarding Plaintiff's left hand. (Doc. 18 at 4). The undersigned observes that the treatment note is silent regarding limitations about handling or fingering. The objective evidence in the record, such as primary care treatment notes, does not reflect any significant manipulative limitations regarding Plaintiff's left hand

beyond those accounted for in the RFC, and instead reflects relatively normal examination findings. (Tr. 685, 693, 699, 702, 704-05). Indeed, aside from the record evidence discussed above, Plaintiff has not cited any other medical evidence in the record that supports limitations greater than included in the RFC.

To the extent that the state disability medical consultant opined that Plaintiff had "limited reaching handling and feeling," the Court finds that the ALJ properly considered the opinion in view of the relevant factors, including supportability and consistency. (Tr. 48-49, 125). The ALJ extensively discussed the opinion in connection with the rest of the evidence and expressly explained how she arrived at the RFC. (Tr. 48-49). The ALJ specifically explained that the opinion was "vague," considering there was no evidence in the record to support a finding of limitations to fingering, "because there is no evidence of decreased sensation in [Plaintiff's] fingers and no explanation for such limitation." (Tr. 49). The ALJ specifically noted that Plaintiff had received no treatment for her left hand other than physical therapy in 2018. (Tr. 39).

The ALJ is required "to consider all of the medical and other evidence of record[.]" *Ramos v. Comm'r of Soc. Sec.*, 2021 WL 960688, at *6 (M.D. Fla. Mar. 15, 2021). Importantly, the ALJ is not required to use "magic words in a claimant's RFC assessment." *Carbone v. Comm'r of Soc. Sec.*, 2017 WL 1476283, at * 3 (M.D. Fla. Mar. 3, 2017). Further, "there is no requirement that the ALJ include every limitation [from a physician's opinion] verbatim" into an RFC determination. *Hilton v. Comm'r Soc. Sec.*, 2016 WL 561364, at *3 (M.D. Fla. Feb. 12, 2016); *Coley v. Comm'r of Soc. Sec.*, 771 F. App'x 913, 917 (11th Cir. 2019) (noting that the ALJ is not required "to specifically address every aspect of an opinion or every piece of evidence in the record").

The undersigned finds that the ALJ's decision and RFC determination was based on substantial evidence. In reaching her decision, the ALJ considered the record as a whole, including the absence of treatment regarding Plaintiff's left hand, and her generally normal examination findings during her visits with primary care and treating providers. It is apparent that the ALJ considered and analyzed the medical opinions that addressed Plaintiff's hand limitations. The ALJ's opinion reflects that she credited those opinions to some extent as reflected by the RFC, and also discounted them to some extent, while properly considering the factors of supportability and consistency. Notably, even the opinion cited by Plaintiff in her brief indicates she is capable of "unlimited" "fingering (fine manipulation)". (Tr. 125)

The ALJ also correctly noted Plaintiff's history of conservative treatment, including that she had no treatment for her left hand other than physical therapy in 2018. (Tr. 39). Indeed, Plaintiff has not identified any record evidence to the contrary. *See Chatham v. Comm'r Soc. Sec.*, 764 Fed. App'x 864, 868-69 (11th Cir. 2019).

The record reflects that the ALJ properly considered the opinion evidence in light of the relevant factors, including supportability and consistency. Under the revised regulations, the ALJ was not required to give deference to any particular opinion. *See Matos v. Comm'r of Soc. Sec.*, No. 21-11764, 2022 WL 97144, at *4 (11th Cir. Jan. 10, 2022) ("This new regulatory scheme no longer requires the ALJ to either assign more weight to medical opinions from a claimant's treating source or explain why good cause exists to disregard the treating source's opinion."). Also, contrary to Plaintiff's argument, the ALJ was not required to specifically address every aspect of the State Disability medical advisor's opinion, or to specifically address the note in the medical records that Plaintiff's left thumb does not bend. *Coley*, 771 F.

App'x at 917. Accordingly, the ALJ did not err in considering the evidence regarding Plaintiff's left hand impairment.

### IV. The ALJ's Consideration of the Plaintiff's Medication Side Effects

Next, Plaintiff argues that the ALJ's failed to properly address the Plaintiff's complaints of side effects from her medication which included Clonazepam, Ambien, Seroquel, Gabapentin, Pristiq, Lithium, and Oxycodone. (Doc. 14 at 5). Plaintiff concedes that the ALJ's decision addressed her ability to concentrate and interact with others, but asserts that those limitations were based on her mental impairments, not her medication side effects. Plaintiff further argues that her past work and the alternative jobs identified by the vocational expert require significant social interaction. Plaintiff contends, "[t]he side effects of which the claimant complained could have impacted her ability to perform these occupations, even if the claimant's symptoms from her mental impairment were mild." (Doc. 14 at 6).

The Eleventh Circuit has held that, under certain circumstances, an ALJ's duty to develop a full record can include investigating the side effects of medications. *See Cowart v. Schweiker*, 662 F.2d 731, 737 (11th Cir.1981) (concluding that ALJ failed to fully develop record where *pro se* claimant testified that she took eight different prescription medications and was "kind of zonked most of the time" and ALJ failed to either elicit testimony or make findings regarding effect of medications on her ability to work). As the Eleventh Circuit has explained, "It is conceivable that the side effects of medication could render a claimant disabled or at least contribute to a disability." *Id.* at 735-37.

The instant case, however, can be distinguished from *Cowart*. Importantly, Plaintiff was represented by counsel at her hearing. (Tr. 59). And, even more importantly, the ALJ did

explicitly consider and discuss Plaintiff's medication, its effectiveness, and its effects. For example, the ALJ discussed Plaintiff's medication, noting that it was continued. (Tr. 44). The ALJ also noted Plaintiff's prescription from her neurologist for oxycodone. (Tr. 45). Indeed, the ALJ explicitly discussed Plaintiff's medication numerous times throughout the decision. (Tr. 40, 41, 45, 47) The record, including treatment notes, reflects that Plaintiff continued her medications as directed, she reported the medications to be effective at controlling her pain, and she requested to be restarted on her medications. (Tr. 44, 492, 499, 507).

As has already been discussed, it is apparent that the ALJ considered Plaintiff's condition as a whole, including her medications, but discounted Plaintiff's self-reported severe symptoms and medication side effects. The ALJ specifically rejected Plaintiff's testimony regarding the severity of her symptoms because it was inconsistent with other substantial evidence, including objective medical evidence. (Tr. 44). It is apparent that the ALJ did consider Plaintiff's medication side effects as part of her condition as a whole and had adequate reasons to discount Plaintiff's statements regarding the severity of the side effects. The ALJ's credibility finding is supported by substantial evidence of record. *See Colon ex. Rel. Colon v. Comm'r Soc. Sec.* 411 Fed. App'x 236, 238 (11th Cir. 2011).

Based upon a review of the record, the Court finds that substantial evidence supports the ALJ's findings, the RFC determination, and the conclusion that the Plaintiff was not disabled. *See Miles v. Chater,* 84 F.3d 1397, 1400 (11th Cir. 1996) ("If the Commissioner's decision is supported by substantial evidence we must affirm, even if the proof preponderates against it."

## V. RECOMMENDATION

For the reasons stated above, I recommend that the ALJ'S decision be AFFIRMED under sentence four of 42 U.S.C. § 405(g).

**DONE and ENTERED** in Ocala, Florida on July 11, 2024.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties